933 F.2d 1007
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
AMERITAS LIFE INSURANCE CORPORATION, Plaintiff-Apellant,
v.
Leroy MORGAN, formerly Commissioner of the Kentucky Dept. of
Insurance; and Matthew Johnson, Director of the
Life and Health Division of the Kentucky
Dept. of Insurance,
Defendants-Appellees.
 No. 90-6213.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1991.
 
 Before KRUPANSKY and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Ameritas Life Insurance Corp. ("Ameritas" or "plaintiff"), appeals the district court's grant of summary judgment to defendants-appellees, Leroy Morgan, formerly Commissioner of the Kentucky Department of Insurance; and Matthew Johnson, Director of the Life and Health Division of the Kentucky Department of Insurance, on this 42 U.S.C. Sec. 1983 claim. For the following reasons, we affirm.
 
 I.
 
 2
 Ameritas, the plaintiff insurance company, contends that the defendants, regulatory officials with the Kentucky Department of Insurance, unlawfully denied Ameritas the right to sell pharmaceutical policies of insurance in Kentucky. Ameritas is a Nebraska-based insurance company, which attempted in April 1989 to obtain approval from the Kentucky Department of Insurance for its proposed Prescription Drug Expense Benefits group insurance policy. In the proposed insurance form, Ameritas listed 22 exclusions from coverage. Exclusion number 18 stated that the policy would pay "no benefits for expenses incurred because of an injury arising out of, or in the course of, work for wage or profit." In other words, the policy contained a blanket exclusion for claims that arose out of the insured's employment or for-profit activities.
 
 
 3
 The two defendants in this action were officials of Kentucky's Department of Insurance. Leroy Morgan was Kentucky's Commissioner of Insurance and Matthew Johnson was the department's Director of the Life and Health Division. Defendants maintain that plaintiff's proposed policy of insurance was denied approval because it contained a blanket exclusion for claims that arise out of the insured's employment or for-profit activities, which is deceptive. It is the position of defendants that this exclusion would deceptively affect the risk purported to be assumed in the general coverage of the insurance contract, a violation of K.R.S. Sec. 304.14-130(1)(b). This statute gives the Commissioner of Insurance the authority to disapprove of any form that contains "exceptions and conditions which deceptively affect the risk purported to be assumed in the general coverage of the contract." Defendants refused to approve plaintiff's proposed exclusion number 18 based on their interpretation of the authority granted to them under this Kentucky statute. The defendants also refused to approve this proposed policy exclusion because they concluded that the policy, as written, violated the Kentucky Consumers' Protection Act.
 
 
 4
 In response to the intitial rejection of the policy, plaintiff Ameritas modified the wording of the exclusion, adding a prominent disclaimer to the policy indicating that all work-related injuries were excluded. However, defendants still refused to approve the policy, and stated that plaintiff's policy would be approved only if plaintiff deleted the blanket exclusion and limited the exclusion to those situations where the insured was covered by workers' compensation. Plaintiff refused to do so.
 
 
 5
 Plaintiff then requested an administrative hearing to determine the propriety of the defendants' decision as it was entitled to do under K.R.S. 304.2-310(2)(b). Plaintiff Ameritas contended that the Commissioner's actions were in excess of his authority under Kentucky law, that the Commissioner's actions denied plaintiff due process, and that the Commissioner's decision was arbitrary.
 
 
 6
 Pursuant to plaintiff's request, a hearing was held on January 24, 1990 before a Hearing Officer appointed by the Commissioner of Insurance. The Hearing Officer subsequently issued recommended Findings of Fact and Conclusions of Law, finding that plaintiff's proposed exclusion did not violate Kentucky law. The Hearing Officer also determined that the Commissioner had no statutory or regulatory authority to issue a per se rule under which a certain class of exceptions to coverage (including exceptions that excluded coverage for work-related injuries) was unallowable under K.R.S. Sec. 304.14-130(1)(b). Nonetheless, the Commissioner of Insurance, defendant Morgan, chose to disregard the Hearing Officer's recommendation and issued his own order, reaffirming his disapproval of the policy. Plaintiff appealed this order to the Franklin Circuit Court pursuant to KRS Sec. 304.2-370, which allows an appeal as of right from an order of the Commissioner. That appeal is pending.
 
 
 7
 On January 9, 1990, before the hearing with the Hearing Officer had taken place, plaintiff filed suit in the federal district court for the Eastern District of Kentucky under 42 U.S.C. Sec. 1983, alleging that it had suffered a deprivation of substantive due process because of defendants' "wanton and arbitrary" action in declining to approve any insurance form that contained a blanket exclusion barring the payment of benefits resulting from work-related injuries. Plaintiff sued the two defendants in their individual capacities only, seeking compensatory and punitive damages as well as declaratory and injunctive relief.
 
 
 8
 On August 14, 1990, the district court granted defendants' motion for summary judgment. Plaintiff timely filed this appeal.
 
 II.
 
 9
 We must decide whether the district court erred in deciding that plaintiff failed to state a colorable constitutional claim under section 1983.
 
 
 10
 Plaintiff argues that his due process rights were violated by the defendants' "flagrant abuse of power" in enforcing an "unwritten rule" that was not authorized under Kentucky law. Plaintiff contends that defendants' actions were not authorized by written Kentucky law and that it has complied with every state statute and written rule or regulation regarding insurance exclusions in force. Plaintiff argues that because it has complied with the law of Kentucky, defendants acted arbitrarily and capriciously in denying them the right to sell insurance there by promulgating an unwritten rule.
 
 
 11
 The district court treated these allegations as a claim of substantive due process. We disagree with this approach. This claim has two components. The first component requires a determination of state law. In other words, the resolution of this lawsuit demands a determination of whether or not plaintiff's disclaimer is "deceptive" within the meaning of K.R.S. 304.14-130(1)(b), which gives the Commissioner of Insurance the authority to prevent deceptive practices. This is not a federal issue.
 
 
 12
 The second component of the claim is that even if the prohibition against blanket exclusions for work-related activities were authorized by Kentucky law, the promulgation of an unwritten rule, as opposed to a written rule, violates plaintiff's due process rights. This is a claim of procedural due process, not substantive due process. Plaintiff is attacking the procedure by which he was denied his alleged right to sell insurance. Plaintiff is not attacking the constitutionality of the content of the rule itself. In other words, plaintiff is not arguing that the rule is unconstitutional because the Constitution prohibits blanket exclusions in insurance policies. A substantive due process claim is not made merely by stating that a state administrative agency acted arbitrarily in promulgating an unwritten rule. A substantive due process claim attacks the unconstitutionality of the rule itself. Plaintiff instead alleges that an unwritten rule, as opposed to a written rule, denies his due process rights because the company was given no notice of this rule. Even if this allegation were to state a claim of procedural due process in violation of the Fourteenth Amendment,[1] this claim would be barred by the doctrine articulated by the Supreme Court in Hudson v. Palmer, 468 U.S. 517 (1984). In Palmer, the Supreme court concluded that an alleged deprivation of a property right by a state employee does not constitute a violation of the procedural requirements of the due process clause of the Fourteenth Amendment unless the state refuses to provide a suitable postdeprivation remedy. Id. at 533.
 
 
 13
 In the present case, a hearing was held on January 24, 1990 to determine if plaintiff had been prevented from selling its insurance policy in Kentucky by an action that was not authorized by Kentucky law. Although the Commissioner of Insurance subsequently entered an order adverse to plaintiff, plaintiff has exercised his statutory right to appeal the Commissioner's decision to a Kentucky court of appeals, and the state action is currently pending. Thus, under Palmer, the state action is not yet complete. Because plaintiff cannot argue that a state employee has violated procedural due process requirements of the Fourteenth Amendment until the state action has been exhausted, plaintiff is barred from bringing a procedural due process claim in federal court at this time.[2]
 
 III.
 
 14
 The district court correctly determined that it did not have jurisdiction to hear plaintiff's pendent state claim that the exclusion did not violate K.R.S. 304.2-310(2)(b), because such a claim may not be heard in federal court in a Sec. 1983 action. Under the doctrine of Ex Parte Young, 209 U.S. 123 (1908), a plaintiff may bring a Sec. 1983 suit asking a federal court to enjoin a state official from violating federal law or the Constitution of the United States without violating the Eleventh Amendment's prohibition against suits against the states, because the sovereign immunity of the states must be accommodated to the need to promote the supremacy of federal law. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 105 (1984). However, this concern does not arise when a federal court is asked to award Sec. 1983 relief on the basis of a violation of state law. The Supreme Court in Pennhurst held:
 
 
 15
 a federal court's grant of relief against state officials on the basis of state law, whether prospective [injunctive relief] or retroactive [monetary relief on a claim for damages] does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlies the Eleventh Amendment.
 
 
 16
 Id. at 106. The Pennhurst court concluded that a federal suit against state officials on the basis of state law contravenes the Eleventh Amendment and cannot be brought in federal court in a 42 U.S.C. Sec. 1983 action. Plaintiff cannot circumvent this rule by suing defendants in their individual capacities as there is no evidence that defendants were acting in anything other than their official capacities as state officials. See Cowan v. University of Louisville School of Medicine, 900 F.2d 936, 942-43 (6th Cir.1990). Plaintiff's state claim is barred by the doctrine articulated in Pennhurst.
 
 IV.
 
 17
 To conclude, the decision of the district court is hereby AFFIRMED, but for different reasons than those stated by the district court. This court may affirm the district court's judgment, if proper, for reasons other than those stated by the district court. Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990). Plaintiff's claim of substantive due process is dismissed for failure to state a claim under Fed.R.Civ.P., Rule 12(b)(6). Plaintiff's procedural due process claim is dismissed for failure to exhaust state remedies. Plaintiff's state claims are dismissed under the doctrine articulated in Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984).
 
 
 
 [1]
 Plaintiff would have to establish that he has a property right to sell insurance which requires notice and an opportunity to be heard before a state agency may regulate
 
 
 [2]
 Ameritas has appealed the Commissioner's decision to prohibit the company from selling an insurance policy in Kentucky containing a blanket exclusion for work-related injuries to the Franklin Circuit Court pursuant to K.R.S. Sec. 304.2-370. Review in the state court is limited to determining whether or not (a) the commissioner acted within or in excess of its powers; (b) legal or procedural due process was afforded the appellant; and (c) if questions of fact are in issue, whether or not any substantial evidence supports the order appealed from. K.R.S. Sec. 304.2-370(7) (emphasis added). Plaintiff's principal claims will thus be resolved by the decision of the state court. Instead of relying on the mandated course of judicial review in state court, plaintiff attempted to federalize the issue but to no avail